Dear Sheriff Brown:
Your opinion request for an Attorney General's Opinion has been assigned to me for research and reply. You requested an opinion concerning whether the "one-thousand foot rule" applies to a sex offender who establishes a residence in front of a school bus stop. The one-thousand foot rule, outlined in La.R.S. 14:91.2 and 15:15:538, does not expressly include a "school bus stop" in the exclusive list of child-centered areas. Thus, the one-thousand foot residence prohibition for sexual offenders whose victims were children cannot be extended to include a school bus stop.
In your opinion request, you provided that the School Board in Jefferson Davis Parish has discovered that a few sexual offenders have established a residence in front of a school bus stop. In order to protect the children, the School Board wants to relocate these bus stops. However, you indicated that this action will cause inconvenience for the parents, children, and the School Board as well as additional expenses. In order to avoid these issues, the School Board wants to know if the one-thousand foot rule applies in a manner that would require the sexual offenders to relocate their homes away from the school bus stops.
It is well-known that sexual offenders pose a great risk of harm to society and often have a higher rate of recidivism than non-sexual offenders. In order to protect the public from possible future harm, laws have been enacted requiring all sexual offenders to register with local law enforcement and submit information on their permanent residence.[1]
In addition to this sex offender registry, Louisiana is one of the twenty states that has enacted residential buffer zones as an another method of preventing sex crimes against children by prohibiting a sexual offender whose victim(s) were minor *Page 2 
children from living within one-thousand feet of certain areas frequented by children.[2] Louisiana's statewide residence restrictions against sexual offenders whose victims were children are found at La.R.S. 14:91.2
and La.R.S. 15:538, [3] which provide in pertinent part:
La. R.S 14: 91.2. Unlawful presence of a sex offender:
A. The following acts when committed by a person convicted of a sex offense as defined in R.S. 15:541 when the victim is under the age of thirteen years shall constitute the crime of unlawful residence or presence of a sex offender:
 * * *
(4) The offender establishing a residence within one thousand feet of any public park or recreational facility. B. The following acts, when committed by a person convicted of an aggravated offense as defined in R.S. 15:541(2) when the victim is under the age of thirteen years, shall constitute the crime of unlawful residence or presence of a sex offender:
 * * *
(2) The establishment of a residence within one thousand feet of any day care center, group home, residential home, or child care facility as defined in R.S. 46:1403, a family child day care home as defined in R.S. 46:1441.1, playground, public or private youth center, public swimming pool, or free standing video arcade facility.
La.R.S. 15:538, Conditions of probation, parole, suspension or diminution of sentence:
 * * *
D. (1) No sexual offender, whose offense involved a minor child, shall be eligible for probation, parole, or suspension of sentence unless, as a condition thereof, the sexual offender is prohibited from:
 * * *
(c) Physically residing within one thousand feet of any public or private elementary or secondary school, day care center, group home, residential *Page 3 home, or child care facility as defined in R.S. 46:1403, a family child day care home as defined in R.S. 46:1441.1, playground, public or private youth center, public swimming pool, or free-standing video arcade facility.
[Emphasis added.]
When read in conjunction, La.R.S. 14:91.2 and La.R.S. 15:538 specify a list of child-centered areas included in the sexual offender residence prohibition, which is set forth as follows:
Any public or private elementary or secondary school;[4]
Day care center;
Group home;
Residential home;
Child care facility as defined in R.S. 46:1403;
A family child day care home as defined in R.S. 46:1441.1;
Playground;
Public or private youth center;
Public swimming pool; or
Free-standing video arcade facility.
Since the language used in La.R.S. 14:91.2 and La.R.S. 15:538
specifically states which child-centered areas are prohibited, it is the opinion of this office that these statues prescribe an exclusive list of prohibited areas. As such, sexual offenders whose victims were children are prohibited from living only in those areas enumerated therein. Therefore, it is the further opinion of this office that the express language of La.R.S. 14:91.2 and La.R.S. 15:538 does not include a school bus stop. Should Jefferson Parish School Board wish to have school bus stops included in the prohibition, it may consider pursuing a legislative amendment to that effect.
I hope the foregoing is sufficiently responsive to your concerns. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
MERIDITH J. TRAHANT
Assistant Attorney General
JDC/MJT/ard
[1] See generally Code Cr.P. Art. 895; La.R.S. 15:574.4; La.R.S. 15:542.
[2] Steven J. Wernick, In Accordance with a Public Outcry: Zoning OutSex Offenders through Residence Restrictions in Florida, 58 Fla. L. Rev. 1147, p. 1148 (2006).
[3] Due to the fact that the statutes above prohibit a sexual offender from living within one-thousand feet from public areas where children frequently congregate, they are more commonly known as the "one-thousand foot rule."
[4] Sexual offender whose victims were children are prohibited from residing within one-thousand feet of public and private schools only under La.R.S. 15:538.